# THE BOARD OF SUPERVISORS OF BUREAU COUNTY
## v.
## JACOB T. THOMPSON.

1. SWAMP LANDS—rights of purchasers from a county to recover back purchase-money paid, where the proceeds of swamp lands have been diverted to other purposes than their drainage,—the rule laid down in *Supervisors of Whiteside county* v. *Burchell*, 31 Ill. 68, is applied, holding that no trust existed and the purchaser had no remedy.

2. JURISDICTION IN CHANCERY—*and at law.* Where a purchaser of swamp lands from a county, seeks to recover back the purchase-money paid therefor, upon the ground that a trust was devolved upon the county, under the several laws on that subject, requiring the application of the proceeds of the sales of swamp lands to their drainage, and that the money has been diverted to other purposes, the remedy, if any exists, is in chancery and not at law.

3. SAME—*consent will not give jurisdiction.* And where an action of assumpsit was brought in such case, it was held that a stipulation by the parties that no advantage should be taken, in regard to the form of action or the condition of the pleading, would not avail to give the court of law jurisdiction.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of assumpsit commenced in the court below by Thompson against the Board of Supervisors of Bureau county. The declaration contained the common count for money had and received. The suit was instituted in 1862, to recover back the money paid by the plaintiff upon the purchase of certain swamp lands sold by the county under the then existing laws on that subject. It is alleged that, under the act of congress, and the various acts of the legislature of this State, relative to swamp lands, a trust was devolved upon the counties holding such lands, requiring the proceeds of sales to be applied to their drainage, etc., and that the board of supervisors had diverted the money to other purposes. Upon this ground the plaintiff claimed that he was entitled to recover back the purchase-money paid.

The cause was tried by the court, who found the issue for the plaintiff, and entered judgment accordingly. From that judgment the board of supervisors took this appeal.

The record contains a stipulation that no technical advantage shall be taken in regard to the form of action or the condition of the pleadings, but the case is to be tried upon its merits.

Mr. GEORGE L. PADDOCK and Mr. JOSEPH I. TAYLOR, for the appellants, contended that, under the various acts of the general assembly, the county could appropriate the proceeds of the sales of the swamp lands to other purposes than their reclamation, if it deemed proper to do so.

Messrs. GRAY, AVERY & BUSHNELL and Mr. GEORGE W. STIPP, for the appellee, insisted that, by the misapplication of the money, the title to the lands was forfeited to the United States; hence, the right of the purchaser to recover back the purchase-money paid.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is unnecessary to examine the grounds on which the appellee bases his case, or to discuss them, for the reason that the whole subject presented by them has been fully considered and determined by this court, in the case of the *Supervisors of Whiteside county* v. *Burchell and Bressler*, 31 Ill. 68.

The object of the bill in that case and of the suit in this, is the same—to compel the county to execute a trust supposed to have devolved upon it, by reason of the surrender to it, by the State, of the swamp and overflowed lands lying within the county.

We have held, no such trust existed, and that the purchasers of those lands from the county were remediless.

We will not go over the ground taken in that opinion, but merely refer to it as deciding this case, with the remark, if the plaintiff relies on a breach of trust, as he clearly does, he should file his bill in chancery, then it would be precisely like the case cited. Assumpsit will not lie, and the stipulation of the parties is of no avail. The judgment is reversed.

*Judgment reversed.*